UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 08-81218-CIV-COHN/SELTZER

LINDA ANGRIGNON, as Personal
Representative of the ESTATE OF ALLAN
ANGRIGNON, and LINDA ANGRIGNON,
individually,

      Plaintiff,

v.

KLI, INC., d/b/a KLI GLOBAL, INC., f/k/a
KUA CORP., f/k/a KELLER INDUSTRIES,
INC., a foreign corporation,

      Defendant.
_____/



## ORDER DENYING DEFENDANT'S MOTION TO POSTPONE RULING AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME TO RESPOND

**THIS CAUSE** is before the Court on Defendant KLI, Inc.'s (1) Motion to Shorten Time for Plaintiff to Respond to First Request for Admissions, or Alternatively, to Postpone Ruling on Plaintiff's Motion to Remand Pending Plaintiff's Answers to Defendant's First Request for Admissions [DE 11] ("Motion to Postpone Ruling" or "Mot. to Post."), and (2) Agreed Motion for Enlargement of Time to Respond to Motion to Remand [DE 16] ("Motion for Enlargement of Time"). The Court has considered the Motions and the record in this case, and is otherwise advised in the premises.

### I. BACKGROUND

This action arises out of the fatal injuries Allan Angrignon suffered while using a Keller Extension ladder, Model No. 3524, when the ladder unexpectedly collapsed. The suit was initiated in state court and removed to this Court by Defendant on October 22, 2008 on the basis of diversity. On November 18, 2008, Plaintiff filed a Motion to

Remand [DE 9] this action to state court. Plaintiff's Motion to Remand is based on the argument that Defendant's Notice of Removal [DE 1] does not meet Defendant's burden to establish by a preponderance of the evidence that the amount in controversy satisfies this Court's jurisdictional requirements. In particular, Plaintiff argues that because the only reference to a specific amount in the Complaint is that "[t]his is an action for damages against Defendant in excess of Fifteen Thousand Dollars ($15,000.00)," Compl. ¶ 1, Defendant lacks any factual basis to argue that Plaintiff's alleged damages exceed $75,000.00

On November 21, 2008, Defendant filed the Motion to Postpone Ruling. On December 5, 2008, Defendant filed the Motion for Enlargement of Time. The objective of both of Defendant's Motions is to allow the Defendant to obtain discovery regarding the amount of Plaintiff's alleged damages in connection with Defendant's opposition to Plaintiff's Motion to Remand.

## II. ANALYSIS

The Eleventh Circuit has squarely foreclosed the relief sought by Defendant in Lowery v. Ala. Power Co., 483 F.3d 1184 (11th Cir. 2007). "The court should not reserve ruling on a motion to remand in order to allow the defendant to discover the potential factual basis for jurisdiction." Id. at 1217. In addition, the Eleventh Circuit found that "[a] district court should not insert itself into the fray by granting leave for the defendant to conduct discovery or by engaging in its own discovery." Id. at 1218.

In the Lowery case, the Eleventh Circuit also stated that "[t]he defendants' request for discovery is tantamount to an admission that the defendants do not have a factual basis for believing that jurisdiction exists. The natural consequence of such an

admission is remand to state court." Id. at 1217-18. Here, however, the Defendant argues in its Motion to Postpone Ruling that it is "facially apparent" from Plaintiff's wrongful death complaint that the Plaintiff is seeking damages in excess of the federal jurisdictional amount. (Mot. to Post. at 3.) Defendant asserts that discovery is sought only "in an abundance of caution." (Id. at 4.)

Moreover, the merits of the remand issue in Lowery, which turned on whether the combined damages of more than one hundred plaintiffs exceeded $5,000,000.00 to satisfy the Class Action Fairness Act's jurisdictional provisions, differ from the remand issue presented in this case. Therefore, the Court will reserve ruling until Plaintiff's Motion to Remand is fully briefed. In addition, the Court will grant Defendant a brief extension to respond to Plaintiff's Motion to Remand now that the Court has eliminated the possibility that Defendant may rely on any discovery materials in such response.

### III. CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Postpone Ruling [DE 11] is **DENIED**.
2. Defendant's Motion for Enlargement of Time [DE 16] is **GRANTED in part** and **DENIED in part**. Defendant shall have up to and including **December 16, 2008** to file a response to Plaintiff's Motion to Remand.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 10th day of December, 2008.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record